**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DAVID OLIVER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STANLEY KNIGHT, Superintendent, )<br>)<br>Respondent. ) | No. 1:05-cv-1195-SEB-VSS |

**Entry Discussing Petition for Writ of Habeas Corpus**

Because the habeas petition of David Oliver was not filed within the applicable statute of limitations, the action must be dismissed with prejudice without the merits of the claims in that petition being reached. This conclusion is based on the following facts and circumstances:

1.      Oliver seeks relief in this action from his convictions in 1994 in an Indiana state court for Burglary, Battery, Residential Entry, and Theft. His convictions were affirmed on appeal in *Oliver v. State,* No. 49A02-9412-CR-739 (Ind.Ct.App. May 29, 1996). The trial court's denial of Oliver's petition for post-conviction relief was affirmed on appeal in *Oliver v. State,* No. 49A05-0404-PC-208 (Ind.Ct.App. October 24, 2004).

2.      Because Oliver's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 .S.C. § 2244(d)(1).

3.      Subject to exceptions not applicable here, under 28 U.S.C. § 2244(d)(1)(A) the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Oliver's conviction became final for habeas corpus purposes on August 27, 1996, because that was the last date on which he could have sought certiorari review by the United States Supreme Court from the decision on his direct appeal. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

4.      The 1-year statute of limitations expired one (1) year later, on August 27, 1997. The habeas petition was filed with the clerk on August 11, 2005. Oliver signed the petition on August 8, 2005, and it is the date he signed the petition which can be considered as the date the petition was "filed." *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). Even so, this was more than eight years and two months after the statute of limitations expired.

5.      Although it is true that the running of the statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2) during any time his post-conviction petition was pending in the Indiana courts, *see Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002), and although it is also true that Oliver filed a post-conviction petition, the habeas statute of limitations expired on August 27, 1997, the post-conviction petition was not filed until March 17, 1999, nearly 19 months after the statute of limitations had expired. The fact that the post-conviction petition was not filed until after the statute of limitations had already expired makes the filing of the action for post-conviction relief irrelevant to the computation which is required. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

6.      Oliver does not dispute any aspect of the foregoing computation. He has not, in fact, disputed the respondent's argument that his habeas filing was untimely.

7.      "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Oliver has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. Therefore, Oliver's petition for a writ of habeas corpus is **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 03/21/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana